**U.S. BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                    :          Case No.: 15-16062 amc
Christian Blackwell                                       :          Chapter 7
                                                          :
                            Debtor.                       :
                                                          :
                                                          :
                                                          :

**NOTICE OF MOTION**

Sirs:

Please Take Notice that upon the annexed application of Christian Blackwell, debtor

herein, the undersigned will move before Honorable Ashley M Chan, Bankruptcy Judge, at

United States Bankruptcy Court, Eastern District of Pennsylvania, 900 Market Street,

Philadelphia, Pennsylvania as soon as counsel may be heard.

Dated: October 6, 2016                    /s/ Alexander G. Tuttle_____
                                          Alexander G. Tuttle, Esq.
                                          Tuttle Legal
                                          2303 N Broad Street
                                          Suite 2
                                          Colmar, PA 18915
                                          215-723-7969 (phone)
                                          215-600-3348 (fax)
                                          Attorney for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CHRISTIAN BLACKWELL | | |
| | : | CASE NO. 15-16062 amc |
| | : | |
| Debtors | : | |

**MOTION FOR SANCTIONS FOR VIOLATIONS OF THE DISCHARGE INJUNCTION**
**PURSUANT TO 11 U.S.C. § 524 (a) and 11 U.S.C. § 105 (a)**

The Debtor, by and through his counsel, Alexander G. Tuttle, Esq., hereby moves for

Sanctions against Toyota Motor Credit Corporation for Violations of the Discharge Injunction

pursuant to 11 U.S.C. § 524 (a) and 11 U.S.C. § 105 (a) and respectfully represents as follows:.

1.     The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy

Code on August 25, 2015.

2.     As part of said Bankruptcy filing, the Debtor included the debt of

$22,964 on Schedule D filed by the Debtor on September 9, 2015 owed to Toyota Financial

Services securing a 2011 Lexus 350 vehicle as collateral.

3.     It appears from the docket that Toyota Motor Credit Corporation and the

Debtor signed a Proposed Reaffirmation Agreement, which was filed with this Court, on or

about, January 13, 2016 by FaCheryl Dixon.

4.      In looking at the Proposed Reaffirmation Agreement drafted and filed by

Toyota Motor it appears that the Proposed Agreement was entered into by the Debtor pro se and

without Debtor's Attorney.

5.      Furthermore, in looking at the docket entry as filed by Toyota Motor

Credit Corporation, it appears that Toyota Motor Credit knew very well this was a pro se

Agreement as FaCheryl Dixon filed the Reaffirmation Agreement as one that was pro se in the

docket entry under number 44.

6.      Consequently, it seems that a Motion was required to have been filed with

this Court pursuant to 11 U.S.C. § 524 (c)(6)(a), as the Debtor was not represented by an

Attorney during the course of the negotiation of the Reaffirmation Agreement.

7.      Approximately, two months later, on March 17, 2016, this Court entered

an Order discharging the Debtor.

8.      In examining the docket and speaking with the Debtor, it does

not appear that prior to the March 17, 2016 discharge, this Court ever approved and/or entered

any Order approving the proposed pro se Reaffirmation Agreement between Debtor and Toyota

Motor Credit Corporation as is required pursuant to 11 U.S.C. § 524 (c)(6)(a), to make the

Reaffirmation Agreement effective and/or enforceable against the Debtor prior to and after

discharge.

9.      Consequently, it is alleged that the Reaffirmation Agreement was

ineffective and the debt is unenforceable against the Debtor.

10.      However, despite the Reaffirmation Agreement being ineffective, Toyota

Motor Credit has been destroying the Debtor's Credit by reporting the Debtor delinquent since

September of 2015 through the present and has most recently reported a Repossession on the

Debtor's Credit to the Credit Bureaus.

      11.    The Debtor has tried to talk to Toyota Motor Credit repeatedly

about the issue to no resolve.

      12.    Because of this violation of the Discharge Injunction, the Debtor's Credit

has been ruined, the Debtor has been unable to purchase a new vehicle and has been forced to

rent a vehicle.

      **WHEREFORE,** the Debtor respectfully requests this Court to find the Toyota Motor Credit Corporation in Violation of the Discharge Injunction pursuant to 11 U.S.C. § 524 (a) and 11 U.S.C. § 105 and Order Toyota Motor Credit Corporation to remove any and all negative information reported to the three credit bureaus since Debtor's Bankruptcy filing, to reimburse Debtor for any and all costs and fees associated with Debtor's rental of a vehicle since the time to the repossession by Toyota Motor Credit Corporation and for Toyota Motor Credit Corporation to be sanctioned in an amount as determined by this Court to be fair and just under the circumstances.

 

Respectfully submitted
/s/ Alexander Tuttle
Alexander G. Tuttle, Esq.
Tuttle Legal
2303 N Broad Street
Suite 2
Colmar, PA 18915
215-723-7969 (phone)
215-600-3348 (fax)
Attorney for Debtor

## CERTIFICATE OF SERVICE


I hereby certify that on October 6, 2016, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Terry Dershaw at dershaw@gmail.com, and United States Trustee at

USTPRegion03.HA.ECF@usdoj.gov, and Toyota Motor Credit, FaCheryl Dixon, 14841 Dallas

Parkway, Suite 300, Dallas, TX 75254.


Date: October 6, 2016                         /s/ Alexander G Tuttle

                                              Alexander G Tuttle, Esquire
                                              Tuttle Legal
                                              2303 N Broad Street, Suite 2
                                              Colmar, PA 18915
                                              215-723-7969 (phone)
                                              215-600-3348 (fax)
                                              Attorney for Debtor